ARNOLD HARRISON NUCKLES v. SECURITY NATIONAL BANK OF
GREENSBORO, D. L. GALLAGHER, Trustee, MAIZIE BISHOP HUD-
SON, and MAIZIE BISHOP HUDSON, Guardian Ad Litem of DONALD
LEE NUCKLES and ARNOLD HARRISON NUCKLES, Jr., Minors.

(Filed 26 June, 1956.)

APPEAL by plaintiff from *Crissman, J.,* October Term 1955, GUILFORD.

Civil action to enjoin the foreclosure of a deed of trust to defendant trustee which secures the payment of a note in the amount of $6,000 payable to defendant Bank.

Plaintiff and *feme* defendant, being husband and wife, entered into a separation agreement under the terms of which plaintiff agreed to deposit with defendant Bank the sum of $6,000 in trust to be used to defray the expenses of a college education for the two sons of the marriage and under which the *feme* defendant conveyed certain real property to plaintiff. When time for payment of the $6,000 arrived, plaintiff did not have available that sum of money. In lieu thereof he executed a note payable to defendant Bank, secured by mortgage on the real property which he procured under the separation agreement. There was default in the payment of the note and the trustee proceeded to foreclose. Thereupon, plaintiff instituted this action to enjoin said sale. He attacks both the separation agreement and the trust to be created thereunder and seeks to have them invalidated. The two infant defendants, acting through their mother as guardian *ad litem,* moved the court for an order allowing them to intervene. The cause was heard on this motion. The parties waived trial by jury and submitted the cause to the judge on facts agreed. The temporary injunction was dissolved, a permanent injunction was denied, and the motion was allowed. Plaintiff excepted and appealed.

*George A. Younce and James R. Spence for plaintiff appellant.*
*Cooke & Cooke and Cahoon & Alston for defendant appellees.*

PER CURIAM. The three assignments of error contained in the record are feckless. The infant defendants are beneficiaries under the trust and are necessary parties to the final determination of the action. The judgment entered is fully sustained by the facts agreed and found by the court, and no error appears on the face of the record. Therefore, the judgment entered in the court below must be

Affirmed.